**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**OTHA LEE HAMLIN**                                                    **PETITIONER**

**V.**                                        **CIVIL ACTION NO. 3:25-cv-880-DPJ-LGI**

**COMMISSIONER BURL CAIN**                                 **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Otha Hamlin seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.

Respondent moves to dismiss his petition as time-barred under 28 U.S.C. § 2244(d) of

the Antiterrorism and Effective Death Penalty Act of 1996.  After a review of the record

and the applicable law, the undersigned recommends that the motion be granted, and the

petition be denied with prejudice.

Nearly eight years ago, Hamlin was convicted of sexually abusing his nine-year-

old granddaughter.  On December 3, 2018, he was sentenced to a total of 35 years for two

counts of statutory rape and four counts of sexual battery.  The Mississippi Court of

Appeals affirmed his conviction and sentences on direct appeal and denied his pro se

motion for rehearing on December 8, 2020.  *See Hamlin v. State*, 306 So. 3d 843 (Miss.

Ct. App. 2020).   Hamlin did not seek certiorari review until April 6, 2021, well after the

time to do so had expired.   *See* M.R.A.P. 17(b) (providing that a petition for a writ of

certiorari must be filed within 14 days of ruling on motion for rehearing).  The

Mississippi Supreme Court denied his subsequent requests to file his certiorari petition

out of time.  *See also Woods v. Mississippi*, No. 4:14-CV-175-SA-DAS, 2015 WL

5021711, at *1 (N.D. Miss. Aug. 24, 2015) ("The request for permission to proceed out of time cannot be characterized as a "properly filed" application for post-conviction collateral relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2)").  Two years after his direct appeal ended, Hamlin sought state post-conviction relief.  The request, filed on December 11, 2023, was denied on February 8, 2024.  A second motion filed a few months later was denied on September 4, 2024.  Hamlin filed the instant petition for § 2254 relief on December 9, 2025.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987, 209 L. Ed. 2d 488 (2021)).  "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* Among them is the one-year statute of limitations for state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Hamlin's conviction became final on December 22, 2020, fourteen days after the Mississippi Court of Appeals denied his petition for rehearing on his direct appeal. *Lovett v. Hall*, No. 5:19-CV-33-DCB-LRA, 2020 WL 5569586, at *1 (S.D. Miss. Sept. 17, 2020); *Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S. Ct. 641, 653–54, 181 L. Ed. 2d 619 (2012) (holding that, for petitioners who do not seek direct review by the Supreme Court, the judgment becomes final when the time for pursuing direct review by the

Supreme Court, or in state court, expires, and that where petitioner "did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). To toll the statute of limitations, he was required to file a motion for post-conviction collateral relief in state court on or before December 22, 2021. Because he did not do so, AEDPA's one-year statute of limitations ran uninterrupted until it expired on December 22, 2021. *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (concluding that petitioner was "not entitled to statutory tolling because he never 'properly filed' a state habeas application during the [federal] limitations period" (quoting 28 U.S.C. § 2244(d)(2))); *Pearson v. Mississippi*, No. 4:07-CV-83-HTW-LRA, 2007 WL 3254361, at *2 (S.D. Miss. Oct. 15, 2007) ("Under applicable case law, a prisoner's PCR may be timely under state law, but a federal habeas review of that decision is forfeited unless the federal petition is filed within one year of the conviction. Any 'properly filed' state court pleading filed within that year will toll the [federal statute of limitations] while it is pending."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (petitioner cannot revive an expired limitations period by filing a late state petition). Absent statutory or equitable tolling, his federal habeas petition filed after the deadline expired is untimely.

Hamlin does not deny this petition is untimely. Rather, he asserts that he "fought [his] sentence to the best of [his] ability at every stage up to this point" and notes that the Supreme Court of Mississippi has not "barred [him] from being untimely." Neither argument persuades. The timeliness of his state court post-conviction application under Mississippi law is irrelevant to the calculation of whether his federal habeas petition was

filed before the AEDPA one-year federal statute of limitations ran.  *Pearson*, 2007 WL 3254361, at *2. That his state post-conviction application was filed within the three-year period required under state law has no bearing here.  Miss. Code Ann. § 99–39–5(2). Moreover, to the extent that he relies on his pro se status or lack of legal ability, ignorance of the law, lack of knowledge of filing deadlines, and temporary denial of access to research materials or the law library, are all insufficient to warrant equitable tolling.  *Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000).

In sum, Hamlin offers no persuasive explanation for his failure to file before now. He has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims or that extraordinary circumstances existed to prevent him from timely filing his petition.  None of AEDPA's other statutory exceptions apply here, and none of his remaining arguments are relevant or warrant tolling of the statute of limitations. Absent any evidence warranting statutory or equitable tolling, his habeas petition is barred by the statute of limitations and should be denied with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on June 23, 2026.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE