UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OTHA LEE HAMLIN                                                        PETITIONER

V.                                           CIVIL ACTION NO. 3:25-CV-880-DPJ-LGI

MR. BURL CAIN                                                          RESPONDENT

ORDER

Pro se Prisoner Otha Lee Hamlin seeks habeas relief under 28 U.S.C. § 2254.  *See* Pet. [1].  Respondent Burl Cain moved to dismiss because Hamlin filed his petition nearly five years after his state-court judgment became final.  Mot. [11] at 10.  United States Magistrate Judge LaKeysha Greer Isaac agreed with Respondent and entered a Report and Recommendation, finding that Hamlin's petition is time barred and should be dismissed with prejudice.  R&R [16] at 5.  Hamlin timely objected [17], but the Court finds that Judge Isaac's well-reasoned R&R should be adopted.

Title 28 U.S.C. § 636(b)(1) governs R&Rs.  It requires the Court to "make a de novo determination of those portions of the [R&R] or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  Hamlin is representing himself, so the Court will liberally construe his filings.  *See Collins v. Dall. Leadership Found.*, 77 F. 4th 327, 330 (5th Cir. 2023).

There is no dispute that Hamlin's judgment became final on December 22, 2020.  *See* R&R [16] at 3.  Thus, Hamlin had until December 22, 2021, to file his petition.  28 U.S.C. § 2244(d)(1)–(2).  Yet he waited until November 18, 2025—nearly four years later—to file it. *See* Pet. [1].  Judge Isaac correctly found that he was late.  *See* R&R [16] at 5.

Hamlin has never challenged that finding, but he seems to argue that the limitations period should be tolled.  Obj. [17] at 1.  Aside from reasserting his pro se status and ignorance of the law—which Judge Isaac properly rejected—Hamlin now says "[t]he COV 19 epidemic and the unavailability of the legal system caused (a) 90 day lay which was not intentional."  *Id.* (capitalization changed but otherwise unaltered).  This is a new position.  *See* Pet'r's Resp. [6] at 15 (saying he presented his case to the State to the best of his ability).

Assuming the Court may consider this new argument under de novo review, it still falls short.  To begin, "courts have repeatedly found that prison lockdowns, including COVID-related lockdowns, that occur during the one-year limitations period are not exceptional circumstances that would justify equitable tolling."  *Woods v. Dir., TDCJ-CID*, No. 6:21-CV-209, 2022 WL 16836611, at *2 (E.D. Tex. Nov. 9, 2022) (collecting cases); *accord Morgan v. Cain*, No. 5:23-CV-75-KS-MTP, 2024 WL 3958423, at *3 (S.D. Miss. July 29, 2024), *report and recommendation adopted*, 2024 WL 3954195 (S.D. Miss. Aug. 27, 2024).  But even if COVID-19-related issues could toll, Hamlin has not factually supported the argument, demonstrated diligence, or explained how the 90-day delay would justify equitable tolling for four years.

Hamlin's other objection is that he cannot prove his innocence without complete records.  Obj. [17] at 1.  That relates to the documents he sought in his delinquent state-court motions for post-judgment relief.  *See*, *e.g.*, Mot. [9-13] at 5.  The State denied his second such request on September 4, 2024, noting that his application was "subject to the time, waiver, and *res judicata* bars."  Miss. Sup. Ct. Order [9-13] at 1.  Hamlin has not shown how the State's denial of a delinquent motion for post-conviction relief can equitably toll his federal habeas petition, and the delinquent request shows lack of diligence.  Nor would the records provide a basis for statutory tolling.  *See Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quoting 28 U.S.C.

2

§ 2244(d)(2)) (concluding that petitioner was "not entitled to statutory tolling because he never 'properly filed' a state habeas application during the [federal] limitations period").

The Court has conducted a de novo determination and finds that Hamlin's objections are unavailing.  Judge Isaacs's R&R [16] is adopted as the finding and holding of the Court.  And consistent with the R&R, Hamlin's petition [1] is dismissed with prejudice because it was filed four years late.

A separate judgment will be entered as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 8th day of July, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE